Rachel M. Dollar, SBN 199977
Richard R. Sutherland, SBN 240858
rsutherland@smithdollar.com
SMITH DOLLAR PC
Attorneys at Law
404 Mendocino Avenue, Second Floor
Santa Rosa, California 95401
Telephone:  (707) 522-1100
Facsimile:  (707) 522-1101

Attorneys for Defendant VICTORIA'S SECRET STORES, LLC

## U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA BOGGS,<br><br>     Plaintiff,<br><br>v.<br><br>VICTORIA'S SECRET STORES, LLC<br>AND DOES 1 TO 50, INCLUSIVE<br><br>     Defendants. | CASE NO.:  2:15-CV-01920- KJM-KJN<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Honorable Kimberly J. Mueller<br><br>Complaint Filed:  July 24, 2015<br>Trial Date:      April 17, 2017 |

### AMENDED STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED that:

1.    (a)    This Stipulation and Protective Order (the "Protective Order") governs the handling of all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively "Material"), produced, given or filed during discovery and all other proceedings in this action.

(b)    The provisions of this Protective Order shall apply to (i) the parties in this case and (ii) any other person producing or disclosing Material in this action who agrees to be bound by the terms of this Protective Order.  However,

2:15-CV-01920- KJM-KJN

- 1 -

nothing herein shall be construed to modify the restriction set out below in Section 3 regarding access to confidential Material.

(c)     As used herein "person" includes the named parties as outlined at l(b)(i) and (ii) above, and those defined in 3(b) herein who have agreed to be bound by this Protective Order.

2.     Any person may designate as "Confidential" any Material produced in the course of discovery proceedings herein only when such designating person in good faith believes that such Material contains sensitive personal information, trade secrets or other confidential or proprietary information that is of such a sensitive nature that disclosure would result in competitive harm, or damage its business or financial welfare, or cause damage to the reputation or standing in the community of the parties, and such Material is not otherwise accessible to the public.

3.     Confidential Material shall be subject to the following restrictions:

(a)     Confidential Material shall be used only for the purpose of this litigation (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below;

(b)     Confidential Material shall be disclosed, for the purposes set forth above, only to:

AMENDED STIPULATED PROTECTIVE ORDER

(i)      the parties;

(ii)     counsel of record for the parties and employees of counsel;

(iii)    the Court (including court reporters, stenographic reporters and court personnel);

(iv)    any expert to whom Confidential Material is to be disclosed shall first be advised by the person making the disclosure that, pursuant to this Protective Order, such persons shall not divulge such Material to any other person other than in accordance with this Protective Order.   The attorney making the disclosure shall secure from each person a declaration in the form attached as Exhibit A, stating that such person has read the Protective Order and agrees to be bound by it. Further, each person to whom Confidential Material is disclosed must be advised that violation of this Protective Order may constitute contempt of a court order.   Such declaration shall be maintained in the possession of the attorneys securing the declaration until further order of the Court or, upon conclusion of the litigation, at the request of opposing counsel, the counsel securing the declaration shall provide a copy of the designation to opposing counsel;

(v)     any other person as to whom the producing person expressly agrees in writing after the name of such person has been disclosed;

(vi)    any person as further ordered by the Court;

(vii)   officers and directors of the parties actually assisting

AMENDED STIPULATED PROTECTIVE ORDER

counsel of record or in-house counsel in preparation of this case;

(viii)  outside vendors performing clerical functions, but only for so long as necessary to perform those services;

(ix)   witnesses in preparation for and/or during their examination as witnesses at trial or in a deposition, but prior to such use the Party taking the deposition shall make reference to the confidentiality of the Confidential Material; and

(x)    all persons that the Parties may agree upon in writing.

(c)    After filing a motion or submitting any request in compliance with Local Rules 140 and 141 with respect to requests to seal or redact documents, as well as any additional provisions related to sealing specifically outlined in the assigned district judge's scheduling order and, if said motion or request to seal or redact documents is granted, all pleadings or other court filings subject to said motion or request which incorporate or disclose Confidential Material shall be filed with the Court in a sealed envelope or other container marked on the outside with the title of the action, and identification of each item within and a statement as follows:

"CONFIDENTIAL MATERIAL - SUBJECT TO COURT'S PROTECTIVE ORDER. This envelope contains documents or transcripts which are subject to a Protective Order entered by the Court. This envelope shall not be opened or the contents thereof displayed or revealed except by specific further Order of Court or as is allowed by the Protective Order entered in the action. Violation of this prohibition may be treated as contempt of court."

(d)    Any disclosure of Confidential Material at trial or in any other

court proceeding; and

(e)     Notwithstanding anything in this Protective Order to the contrary, nothing in this Protective Order shall limit the testimony of parties or non-parties, or the use of certain documents, at any Court hearing or trial, and the Parties agree that such determinations will only be made by the Court at the hearing or trial, or upon an appropriate motion.

4.     Each person given access to Confidential Material pursuant to the terms hereof (other than persons described in paragraph 3(b)(iii), above) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.  Before any person (other than persons described in paragraphs 3(b)(ii), 3(b)(iii), 3(b)(viii) and 3(b)(ix), above) is given access to Confidential Material, he/she must also execute the annexed certificate. The signature on this Protective Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers and employees of that firm to be so bound.

5.     The failure of any party, attorney or other person subject to this Protective Order to abide by the terms and conditions hereof shall be referred to this Court for appropriate action so long as the action remains pending so as to comply with Local Rule 141.1(f).

6.     Confidential Material shall be designated as follows:

AMENDED STIPULATED PROTECTIVE ORDER

(a)     In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on the first page of any such document prior to production.

(b)     In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains Confidential Material.

(c)     In the case of deposition testimony, counsel for the testifying person may designate on the record at the time of the deposition those portions of testimony to be treated as "Confidential."  Those designated portions, if transcribed, shall be prepared in a separate transcript marked as "Confidential," and, if filed with the Court, shall be filed under seal pursuant to paragraph (c) above.

(d)     All briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and may be filed under seal so long as the party who intends to do so has made the appropriate motion or request in compliance with Local Rules 140 and 141 with respect to requests to seal or redact documents, as well as any additional provisions related to sealing specifically outlined in the assigned district judge's scheduling order, and said motion or request has been granted.

(e)     The Confidential Material will be kept in the custody and care of the persons authorized to receive such Confidential Material under the provisions of



Section 3 of this Protective Order.

7.    (a)    No party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect sensitive personal information, trade secrets, proprietary or confidential information or has been properly designated as such.  Any party may at any time, on reasonable notice, move for

(i)    modification of this Protective Order, or

(ii)    relief from the provisions of this Protective Order with respect to specific Material. In addition, the parties may agree in writing or on the record to necessary modifications of this Protective Order.

(b)    A party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof.  If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on reasonable notice, apply for appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as designated Confidential until the Court orders otherwise.

8.    This Protective Order, insofar as it restricts the communication and use

of Confidential Material, shall continue to be binding throughout this litigation, including any appeals, and shall terminate upon the termination of this action.

9.     Any Material which was possessed by a receiving party prior to its disclosure by the producing party or comes within the possession of such other party through means not constituting breach of this Protective Order need not be treated as Confidential Material under the terms of this Protective Order.

10.     The parties do not waive any rights they may otherwise have by execution of this Protective Order. Nothing in this Protective Order shall prevent any party from seeking modification, or from objecting to discovery that it believes to be improper. The Court may enter such other and further orders that it deems appropriate and this Protective Order is without prejudice to the right of any party to apply for another further order including, but not limited to, a protective order providing greater protection for certain documents or categories of documents and without prejudice to the parties agreeing to any modification thereof.

11.     Any non-party producing Material during discovery in the course of litigation, pursuant to subpoena or otherwise may designate its Material in accordance with the terms of this Protective Order.

12.     This Protective Order shall be submitted to the Court, with a request that it be executed and filed by the Court, immediately upon execution by the Parties. Prior to approval by the Court, this Protective Order shall be effective as if approved.



13.    At the conclusion of this case, counsel for the Plaintiffs shall assemble and return to counsel for Defendant, as soon as reasonably practical, all Confidential Material or, in the alternative, destroy all Confidential Material.    Counsel for Plaintiffs shall provide to counsel for Defendant an affidavit that all Confidential Material has been delivered to counsel for Defendants or destroyed by Plaintiff's counsel.    Until so returned or destroyed, such Confidential Material shall remain subject to this Order.

SO STIPULATED.

Dated:  June 14, 2016

SMITH DOLLAR PC

By _____/s/ Richard R. Sutherland_____
Richard R. Sutherland
Attorney for Defendant

Dated:  June 14, 2016

QUINN & KRONLUND

By _____/s/ Michael C. Kronlund_____
Michael C. Kronlund
Attorney for Plaintiff

1

## <u>ORDER</u>

2     Upon stipulation of the Parties, and good cause appearing,  IT IS HEREBY

3    ORDERED that the amended stipulated protective order (ECF No. 21) is

4    APPROVED, except that:

5     1. To the extent that any of the procedures outlined in this stipulated

6      protective order for seeking to redact or file under seal documents with the

7      court are inconsistent with Local Rules 140 and 141, Local Rules 140 and

8      141 shall govern.

9     2. Although the parties are free to reach informal agreements regarding the

10     treatment of certain documents and information exchanged in discovery, the

11     parties may not modify the terms of this stipulated protective order without

12     court approval.  If the parties seek to amend the terms of this order, they

13     shall submit an appropriate stipulation and proposed order for the court's

14     consideration.

15    IT IS SO ORDERED.

16

Dated:  June 14, 2016

17

18        _____

19        KENDALL J. NEWMAN
          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28
AMENDED STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## CERTIFICATION

I certify my understanding that Confidential Material is being disclosed to me pursuant to the terms and restrictions of the Stipulated Protective Order dated_____, 2016 in *Boggs v. Victoria's Secret Stores, LLC,* United States District Court, Eastern District of California (Sacramento Division), Case No. 2:15-CV-01920- KJM-KJN; and that I have been given a copy of and have read that Order and agreed to be bound by it.  I understand that all Confidential Material and copies including, but not limited to, any notes or other transcription made from such protected documents, shall be (1) returned to counsel for the party providing them to me, or (2) destroyed by the party providing them to me, no later than thirty (30) days after the termination of this proceeding.  I understand that violation of the Stipulation and Protective Order by me or anyone acting under my direction may be treated as contempt of court.


_____, 2016


_____
Signature

_____
Print Name

_____
Address
_____